## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

E.P. BENDER COAL COMPANY, )
MARTHA BENDER, EXECUTRIX OF )
THE ESTATE OF E.P. BENDER t/a )     CIVIL ACTION NO. 05-216 J
E.P. BENDER COAL COMPANY, a/k/a )
E.P. BENDER TRUCKING AND E.P. )     JUDGE KIM R. GIBSON
BENDER COAL CO., INC., )
                                       )
            Plaintiffs, )
                                         )
       v. )
                                           )
CHUBB GROUP OF INSURANCE )
COMPANIES AND FEDERAL )
INSURANCE COMPANY, )
                                         )
            Defendants. )

## MEMORANDUM OPINION and ORDER OF COURT

This case is before the Court on the Defendant's Motion to Dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. This Court has

subject matter jurisdiction over this case pursuant to 28 U.S.C.§1332. Venue is proper in accordance

with 28 U.S.C.§1391(a) and (c).[1]

---

[1]The Court notes that this case was removed to this court pursuant to 28 U.S.C.§1441.

A very brief history of this case is as follows: On March 16, 2005, Plaintiff filed a complaint seeking declaratory judgment alleging that Defendants[2] are liable for indemnity incurred as well as attorney's fees resulting from Plaintiff, E.P. Bender Coal Co., Inc. (hereinafter "E.P. Bender Inc."), being required to remedy issues resulting from an acid mine drain leak caused by E.P. Bender Coal Co. (hereinafter "E.P. Bender Co.") as ordered by the Pennsylvania Department of Environmental Protection (hereinafter "DEP"). Because Defendant, the insurer, denied coverage to E.P. Bender Co., and E.P. Bender Inc. had already incurred the costs of remediating the leak, E.P. Bender Inc. seeks to be equitably subrogated to E.P. Bender Co.'s rights. Plaintiff's complaint contains three counts: Count I- Declaratory Judgment, Count II - Breach of Contract, General Liability Policies, Count III - Breach of Contract - The Umbrella Policies. On May 5, 2005, Defendant filed a Motion to Dismiss Pursuant to Fed.R.Civ. P. 12(b)(6) and a brief in support of that motion seeking dismissal of "a) E.P.Bender Inc.'s claim for equitable subrogation, b) Plaintiffs' claim for declaratory judgment and breach of contract under Federal's excess policy; and c) Plaintiffs' claims for attorney's fees incurred in prosecuting this action." Document No. 2, ¶18.[3] For the reasons stated herein, the Defendant's motion is denied in part and granted in part.

---

[2]Although the case heading references "Chubb Group of Insurance Companies" as a party, Defendant has noted that "[a]ll of the insurance policies involved in this case were issued by Federal Insurance Company (hereinafter "Federal"). Chubb Group of Insurance Companies is not a person, firm or corporation, and there is no entity or corporation known as Chubb Group of Insurance Companies which is located or incorporated in any state. Therefore, Chubb Group of Insurance Companies is not a proper defendant in this case and this Motion will only refer to Federal. Document No. 2, ¶1, n1. This opinion, when referring to Defendants, only refers to Federal.

[3]Plaintiff responded on May 31, 2005. Subsequent briefs were submitted by both parties.

## ANALYSIS

The Defendants have brought before this Court a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When analyzing a 12(b)(6) motion the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in light most favorable to the non-movant." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *D.P. Enters., Inc. v. Bucks County Community College*, 725 F.2d 943 (3d Cir. 1984). A court may only dismiss a complaint if it is clear that relief could not be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33, 81 L.Ed. 2d 59 (1957). The issue is not whether the plaintiffs will prevail at the end but only whether they should be entitled to offer evidence to support their claim. *Lake v. Arnold*, 112 F.3d 682, 688 (3d Cir. 1997); *Niami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

Specifically, Defendants argue that Plaintiffs' claim for equitable subrogation must fail because permitting it would be contrary to well-established Pennsylvania law. Document No. 3, p. 5. Defendants also argue that Plaintiffs' claim that the excess insurance policy must "drop down" and provide primary coverage must be dismissed because case law, as well as the policy itself, state that the excess insurer is not required to "drop down" and provide primary coverage. Document No. 3, p. 8-9. Defendants also assert that attorney's fees cannot be granted because Plaintiff has not averred that Federal's actions were taken in bad faith, as required. Document 3, p. 12. For the reasons stated below, Defendants' motion is denied as to the issues of equitable subrogation and the "drop down" policy coverage. The motion is granted as to the issue of attorney's fees.

3

Pennsylvania accepts the Black's Law Dictionary definition of subrogation[4] and defines it as "the substitution of one [entity] in the place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies or securities." *Molitoris v. Woods*, 618 A.2d 985, 989 (Pa. Super. 1992). The doctrine of equitable subrogation is accepted in Pennsylvania based on considerations of equity and good conscience where the goal is to place the burden of the debt upon the party who should bear it. *First Commonwealth Bank v. Heller*, 863 A.2d 1153, 1156 (Pa. Super. 2004); *Allstate Ins. Co. v. Clarke*, 527 A.2d 1021, 1024 (Pa. Super. 1987) (citations omitted). In order for equitable subrogation to apply, four criteria must be met:

1) the claimant paid the creditor to protect his own interests;

2) the claimant did not act as a volunteer;

3) the claimant was not primarily liable for the debt; and

4) allowing subrogation will not cause injustice to the rights of others.

*Heller*, 863 A.2d at 1158; *See also United States Fidelity & Guaranty Co. v. United Penn Bank*, 524

---

[4]Although not binding on this Court, the Florida Supreme Court provided a helpful explanation of subrogation long ago.

> Subrogation is the substitution of one person in the place of another with reference to a lawful claim or right. Subrogation arises by operation of law, where one having a liability or a right or fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor who he has paid. This is called 'legal subrogation.' Conventional subrogation depends upon lawful contract, and occurs where one having no interest in or relation to the matter pays the debt of another and by agreement is entitled to the securities and rights of the creditor so paid.

*Boley v. Daniel*, 72 So. 644, 645 (Fla. 1916) (citations omitted). The bases of this explanation have been adopted and applied in Pennsylvania. *See First Commonwealth Bank*, 863 A.2d 1153 (Pa. Super. 2004); *Allstate Ins. Co.*, 527 A.2d 1021 (Pa. Super. 1987) (citations omitted).

4

A.2d 958, 964 (Pa. Super. 1987). The doctrine is applied to prevent unjust enrichment.[5] *United Penn Bank*, 524 A.2d at 964.

Defendants argue that Pennsylvania law will not allow an application of the doctrine of equitable subrogation in this instance. They assert that "in [the] absence of a statute or a policy provision on which such a right may be predicated, a third party may not maintain a direct action against an insurer to recover on a judgment rendered against the insured." Document No. 3, p. 7. (citing *Kollar v. Miller*, 176 F.3d 181 (3d Cir. 1999)). For this reason, Defendants maintain that Plaintiffs cannot recover.

In *Kollar*, Mr. Kollar fell in an appliance store, filed suit against the store for injuries, and he and his wife filed for bankruptcy shortly thereafter and listed the personal injury action as an exemption asset in their bankruptcy case. *Id.* at 177. The sole issue was whether the Kollars' tort judgment (insurance proceeds) qualified for exemption. *Id.* at 177-178. In order for insurance proceeds to be exempt, the proceeds must be the "property or other rights of the judgment debtor." *Id.* at 180. (citing 42 Pa.Con.Stat. §8124(c)). In finding that the insurance proceeds were not exempt, the court reasoned that the Kollars had "no property or other rights" in the insurance proceeds at the time that the suit was filed, and noted that because those rights did not exist, the Kollars would not be able to maintain a suit directly against the insurer to collect on a judgment rendered against the insured. *Id.* at 181.

The facts in the case *sub judice* are quite different; additionally, the issues in this case do not involve a bankruptcy exemption determination. Plaintiff, E.P. Bender Inc., seeks to be equitably subrogated to the rights of a commonly owned and operated company, E.P. Bender Co., against Defendant Federal Insurance Company. There has been no judgment rendered against Federal. Federal

---

[5]Defendants seem to argue that equitable subrogation may only be applied where the claimant is the insurer. This Court disagrees. The only requirements for applicability of the doctrine are contained in the aforementioned four prong test. We note, however, that the scenario to which Defendants refer is the most common.

has only denied coverage to E.P. Bender Co. after a claim was submitted.  Additionally, the doctrine of equitable subrogation is the mechanism by which the Plaintiffs seek to predicate their rights to recovery against Defendants.

After accepting all allegations of the complaint as true, this Court finds that Plaintiffs have met the pleading requirements and stated a claim for which relief may be granted for equitable subrogation. Plaintiffs' complaint alleges that E.P. Bender Inc. was ordered by the DEP to remediate the acid mine drainage seep as a condition of obtaining its bituminuous surface coal mine permit.  Document No. 1, ¶33.  This summation in itself meets the requirement of prongs one, two, and three of the four prong equitable subrogation test.

The final prong requires the Court to inquire whether allowing subrogation will cause injustice to the rights of others.  At this point, the Court cannot find that allowing equitable subrogation in this case would cause an injustice.  Federal has already denied coverage to E.P. Bender Co. for the incident and E.P. Bender Co. has consented to have E.P. Bender Inc. equitably subrogated to its rights.  If E.P. Bender Inc. paid for costs rightfully attributable to Federal, this circumstance would appear to be a clear example of the unjust enrichment that equitable doctrines aim to prevent.   Therefore, this Court concludes that Plaintiffs have adequately set forth a claim.

In reference to the issue of "drop down" coverage, which is the core issue of Plaintiffs' claim for declaratory judgment and breach of contract, this Court declines to dismiss the claim based upon this issue at this early stage in litigation. In Pennsylvania the standard for interpreting provisions within insurance contracts has been stated as follows:

> Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement.  Where however, the language of the contract is clear and unambiguous, a Court is required to give effect to that language.

6

*J. Kinderman & Sons Inc. v. United National Ins. Co.*, 593 A.2d 857, 859 (Pa. Super. 1991); *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. Super. 1983). In situations where there is an excess insurer as well as a primary insurer and the primary insurer becomes insolvent, the excess insurer may be required to "drop down" and provide coverage for the insured. *See J. Kinderman & Sons Inc.*, 593 A.2d at 859; *Luko v. Lloyd's London*, 573 A.2d 1139, 1142 (Pa. Super. 1990). However, in cases where the policy unambiguously states that the excess insurer will not drop down if the primary insurer becomes insolvent, the excess insurer is not required to do so. *Id.*

Defendants assert, after comparison with the focal provision in *J. Kinderman & Sons Inc.*, that the policy contains a provision which relieves Defendants from being required to provide "drop down" coverage after Plaintiffs discovered the primary insurer was dissolved. The Plaintiffs aver that the provision contained in the contract is ambiguous and unclear with regard to the circumstances of this case. Plaintiffs have properly set forth a claim that the excess policy should drop down and provide coverage in this instance at this stage of this action. The Court cannot, in this early stage, agree with Defendants and find that this provision relieves Defendants of any obligation. The Court is not convinced that the provision clearly addresses the overall situation existent in this case based upon the contents of the complaint. The policy in *toto* must be examined to determine the intent of the parties. This issue can be raised again in a summary judgment motion if Defendants choose to do so.

Plaintiffs, on the other hand, maintain that Defendants are collaterally estopped from asserting a claim concerning "drop down" excess insurance because a court previously found against Defendants on this precise issue. The Court disagrees.

Collateral estoppel, or issue preclusion, is a doctrine which prevents re-litigation of an issue in a later action, despite the fact that the later cause of action is different from the one previously litigated.

7

*Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995). (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980)). The identical issue must have been necessary for final judgment on the merits in the prior action, and the party against whom the doctrine is asserted must have been a party, or in privity with a party, to that prior action and must have had a full and fair opportunity to litigate the issue in question. *Id.*

In *Federal Ins. Co. v. Scarsella Bros., Inc.*, 931 F.2d 599 (9th Cir. 1991), the court ruled against the Defendants on the issue of whether they were required to "drop down" and provide coverage where Defendants agreed, pursuant to the policy, to provide coverage to the insured in excess of underlying insurance that had been exhausted, and the term exhausted was not defined. *Id.* at 600. In the case *sub judice*, the issue is different in that the Court is to consider whether Defendant is required to "drop down" and provide coverage where subrogation may not be permitted under Pennsylvania case law. Additionally, although the Defendant in this action was a party in the previous action, the terms of the two policies are different. Accordingly, this Court finds that Defendants are not collaterally estopped from asserting that "drop down" coverage was not provided in this case as the issues in this case are not identical with the issues in *Federal Ins. Co. v. Scarsella Bros., Inc.*

Finally, in reference to the issue of attorney's fees, the Court finds that Plaintiffs have not adequately plead a claim for attorney's fees. In Pennsylvania, the window that allows for an award of attorney's fees is very narrow. *Precision Door Co., Inc. v. Meridian Mut. Ins. Co.*, 353 F. Supp. 2d 543, 555 (E.D. Pa. 2005)(citing *Mosaica Acad. Charter Sch. v. Commonwealth*, 813 A.2d 813, 822 (Pa. 2002)). There are three exceptions to the general rule against recovery of attorney's fees: "(1) express statutory authorization, (2) a clear agreement of the parties, or (3) some other established exception." *Id.*

8

One exception, characterized as statutory by courts, is based on §§ 7538(a) and 7541 of the Pennsylvania Declaratory Judgments Act.[6] This is the exception that Plaintiffs claim entitles them to recover attorney's fees with regard to their declaratory judgment claim. Document No. 5, pp. 14-15. This exception is very limited and allows for the recovery of attorney's fees in connection with a declaratory judgment action only if two requirements are met. *Precision Door Co., Inc. v. Meridian Mut. Ins. Co.*, 353 F.Supp.2d 543, 557 (E.D. Pa. 2005) (citing *Kelmo Enterprises, Inc. v. Commercial Union Ins. Co.*, 426 A.2d 680, 685 (Pa. Super. 1981); *Mosaica Acad. Charter Sch. v. Commonwealth*, 813 A.2d 813, 824 (Pa. 2002); *Regis Ins. Co. v. Wood*, 852 A.2d 347, 351 (Pa. Super. 2004)). The two requirements are: "(1) the party seeking to recover attorney's fees defended against or prosecuted the insurer in a declaratory judgment action to determine the insurer's duties to defend and indemnify the former in an action by a third party, and (2) the insurer failed to defend and indemnify the party seeking to recover attorney's fees in bad faith." *Id.* After reviewing the Complaint the Court finds that Plaintiffs have failed to allege facts that establish bad faith on the part of the insurer. *See* Document No. 1.

Additionally, Plaintiffs make a claim for breach of contract. Document No. 1, pp.10-11. Plaintiffs, however, point to no express statutory authorization, no clear agreement and no other

---

[6]The Court notes that this exception is not actually an express statutory exception, rather it is an exception that exists as a result of judicial interpretation of two sections of the Declaratory Judgments Act, 42 Pa. C.S.A. §§ 7538(a) and 7541. The statutory provisions that form the basis of the judicially interpreted exception read as follows:

Section 7538 **(a) General rule.**–Judicial relief based on a declaratory judgment or decree may be granted whenever necessary or proper, subject to Chapter 55 (relating to limitation of time). If an application for supplemental relief is deemed sufficient the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by a previously entered declaratory judgment or decree to show cause why further relief should not be granted.

Section 7541 **(a) General rule.**–This subchapter is declared to be remedial. Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered.

9

established exception that would entitle them to attorney's fees for their breach of contract claim. *See* Document Nos. 1, 5.

Therefore, the Court finds that the Plaintiffs have failed to allege facts sufficient to show that they may be entitled to attorney's fees for either their breach of contract claim or their declaratory judgment claim. Accordingly, these claims for attorney's fees are dismissed. Plaintiffs are granted leave to file an amended complaint with regard to their attorney's fees within twenty days of the date of the attached order.

An appropriate order follows.

10

**AND NOW**, this 31st day of August, 2006, after consideration of the Defendants Motion to Dismiss, in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that:

1) Defendants' Motion to Dismiss is DENIED as to the issue of equitable subrogation;

2) Defendants' Motion to Dismiss is DENIED as to the issue of "drop down" insurance coverage; and

3) Defendants' Motion to Dismiss is GRANTED as to the issue of attorney's fees and Plaintiffs' claim concerning this issue is DISMISSED.

**IT IS FURTHER ORDERED** that Plaintiffs may amend the complaint with regard to their claim for attorney's fees within twenty (20) days from the date of this Order.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

11